# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN SMITH, | : | Case No. 1:04-CV-694 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| vs. | : | |
| | : | |
| MARGARET BRADSHAW, Warden, | : | **ORDER** |
| | : | |
| Respondent. | : | |

Pending before the Court are Petitioner, Steven Smith's Motion to Amend Case Management Order, (Doc. 42), and Motion for Leave to Conduct Discovery, (Doc. 44). The Respondent partially opposed the Motion to Amend and opposed the Motion for Discovery, (Docs. 43, 45). For the following reasons, the Court grants Smith's Motion to Amend Case Management Order and grants in part and denies in part Smith's Motion for Discovery.

## I. Motion to Amend Case Management Order

Smith first requests that the Court amend the portion of its Case Management Order (hereinafter "CMO") that requires Smith, absent good cause, to file all motions for factual development, i.e., motions to expand the record, for discovery, or for an evidentiary hearing, at the time the Respondent files her Sur-Reply. He asserts that, after completing any Court ordered discovery, he

may wish to expand the record or request an evidentiary hearing based on the results of the discovery he has obtained. The Respondent has no objection to Smith filing post-discovery motions, but asserts that, pursuant to Holland v. Jackson, 542 U.S. 649, 124 S.Ct. 2736, 2738 (2004), any motions to factually develop a claim, including motions to expand the record, must meet the standards set forth in 28 U.S.C. § 2254(e)(2).

The Court finds Smith's request to be a reasonable one. The Court sees no undue delay resulting from post-discovery motions to expand the record or for an evidentiary hearing. While the Respondent's concern that Smith comply with the Holland holding is valid, it is premature to address this argument at this juncture. Accordingly, the Court grants Smith's Motion to Amend the CMO.

## II. Motion for Discovery

Smith asks the Court to authorize discovery on three sub-claims of the thirteenth ground for relief in the Petition, in which he raises ineffective assistance of trial counsel. First, he requests discovery to develop his assertion that one of his counsel labored under a conflict of interest while representing him during trial. He next asserts that discovery is necessary to determine why trial counsel failed to request a "solitary juror" instruction. Finally, he asks that the Court permit him to obtain discovery regarding trial counsel's failure to investigate his low serotonin levels and failure to present that evidence during mitigation.

A party in federal habeas corpus litigation is entitled to discovery if "the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." R. Governing Section 2254 Cases 6(a). The "good cause" standard set forth in Rule 6 restrains a habeas petitioner from unbridled entitlement to discovery. "At the very least, it is clear that there was no intention to

extend to habeas corpus, as a matter of right, the broad discovery [afforded in] ordinary civil litigation." Harris v. Nelson, 394 U.S. 286, 295 (1969)(citation omitted); see also Lynott v. Story, 929 F.2d 228 (6th Cir. 1991)(following Harris).  Pursuant to this standard, the Court now addresses Smith's individual requests for discovery in the order in which they were presented in the Motion.

Smith first requests permission to depose trial counsel Robert Whitney.  While representing Smith, Whitney also represented Matthew Frye, a relative of the victim, in another matter.  Smith asserts that, although Frye may have been a defense witness during mitigation, Whitney's representation of Frye and his desire to procure a good result for his client in that matter may have influenced Whitney not to call Frye to testify on Smith's behalf.  Thus, he asks that the Court permit him to depose Whitney to determine what, if any, impact his representation of Frye had on his decision not to call Frye as a mitigation witness.

The Court finds no good cause to depose Whitney regarding a potential conflict of interest based on his representation of Frye.  Smith does not reveal in the Motion the nature of his relationship with Frye or why he believes that Frye would have been a beneficial defense witness during mitigation. Without providing this basic information, the Court cannot grant discovery on this issue.  Smith's first request is denied.

Smith next requests permission to depose trial counsel Whitney and Bernard Davis to discern why they failed to request that the trial court charge the jury that a single juror could prevent the death penalty pursuant to State v. Brooks, 662 N.E.2d 1030, 1042 (Ohio 1996), a so-called "solitary juror" instruction. He asserts that the jury was instructed that it had to be unanimous in finding that the aggravating circumstances outweighed the mitigating factors.  Thus, he claims counsel's failure to

3

require a "solitary juror" instruction led the jury to believe that it must be unanimous in imposing a life sentence verdict.

The Court finds that good cause exists to depose trial counsel on this issue. While discovery cannot aid the Court in deciding the legal issue of whether trial counsel were constitutionally deficient for failing to request this instruction, counsel's explanation regarding their decision not to request a "solitary juror" instruction will assist the Court in determining whether their inaction was part of a reasoned trial strategy. Accordingly, the Court grants Smith's request to depose trial counsel on this issue.

Conversely, the Court denies Smith's final discovery request. Smith asks the Court's permission to depose trial counsel regarding Smith's low serotonin levels and why they failed to procure and present this information during the mitigation phase of trial. As the Respondent observes, however, Smith did not proffer evidence to the state court that he does, in fact, suffer from low serotonin levels. Thus, any assertion that counsel were ineffective for failing to present this evidence is based on the purely speculative theory that Smith suffers from this deficiency. Moreover, Smith's state post-conviction expert did not aver that the scientific research linking low serotonin levels with violent behavior is accepted by the scientific community. Consequently, it is speculative whether counsel's efforts to introduce any such evidence would have been successful. Accordingly, the Court finds that no good cause exists to depose trial counsel on this issue.

For the foregoing reasons, the Court grants Smith's Motion to Amend Case Management Order, (Doc. 42). The Court finds no good cause exists to grant Smith's Motion for Leave to Conduct Discovery regarding his first and third requests, but grants Smith permission to depose trial counsel regarding their failure to request a "solitary juror" instruction, (Doc. 44). Discovery shall be complete

4

no later than sixty (60) days from the date of this Order. Smith shall file any post-discovery motions within fourteen (14) days after the completion of discovery.

    **IT IS SO ORDERED.**

                                            **s/ Kathleen M. O'Malley**
                                            **KATHLEEN McDONALD O'MALLEY**
                                            **UNITED STATES DISTRICT JUDGE**

DATED:  July 25, 2005